UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS

Plaintiff,

vs.

THE TOWN OF WEST WARWICK, RHODE ISLAND, AND THE ZONING BOARD OF REVIEW OF THE TOWN OF WEST WARWICK, RHODE ISLAND

Defendants.

CA 06 281 T

Civil Action No. ____________

**COMPLAINT**

Plaintiff, Nextel Communications of the Mid-Atlantic, Inc., d/b/a Nextel Communications ("Nextel"), by its attorneys, Blish & Cavanagh LLP and Devine, Millimet & Branch, P.A., complains against the defendants as follows:

1. Nextel brings this action because of the unreasonable refusal of the Town of West Warwick, Rhode Island ("West Warwick" or the "Town") and its Zoning Board of Review to allow Nextel to construct wireless antenna facilities. Nextel had sought permission to replace an existing 63-foot tall electric transmission stanchion (Narragansett Electric Pole #184W) located alongside Wakefield Street, with a 100' 6" tall structure capable of supporting Nextel's wireless antennas. Nextel had also sought to add an antenna array to that replacement structure, and to install electronic equipment at the base thereof. The Town denied Nextel's requests to install these facilities.

2. The Town's refusal to allow Nextel to replace the structure and to install antennas thereon violates Section 704 of the Telecommunications Act of 1996, 42 U.S.C. §337(c)(7)(B) (the "TCA"), in that the refusal does not comply with the TCA's requirements for a written decision supported by substantial evidence contained in a written record; and, in that the refusal effectively prohibits Nextel from providing personal wireless services in a significant portion of West Warwick. Nextel seeks an injunction directing the Town to authorize construction of the proposed facilities to proceed without further delay.

**PARTIES**

3. Nextel is a corporation organized and existing under the laws of the State of Delaware and has a regional office at 9 Crosby Drive, Bedford, Massachusetts. Nextel is licensed by the Federal Communications Commission of the United States of America to provide wireless telecommunications services in various areas, including Rhode Island.

4. Nextel has been authorized by the owner of the existing 63-foot tall utility stanchion to replace that structure and to mount antennas on the replacement structure, and also to construct a 12 foot by 20 foot equipment shelter at the base thereof. Nextel is aggrieved by the refusal of the Town to allow the construction of these facilities to proceed.

5. The Town is a municipal corporation having its principal place of business at Town Hall, 1170 Main Street, West Warwick, Rhode Island.

6. The West Warwick Zoning Board of Review is the local agency or instrumentality responsible for the decision which led to this lawsuit.

**JURISDICTION AND VENUE**

7. This civil action arises under those sections of the TCA which provide that any decision denying permission to construct wireless antenna facilities must be set forth "in a

written decision supported by substantial evidence contained in a written record," 47 U.S.C. §332(c)(7)(B)(iii); that local regulation "shall not prohibit or have the effect of prohibiting the provision of personal wireless services," 47 U.S.C. §332(c)(7)(B)(i)(II); and, that "[a]ny person adversely affected by any final action or failure to act by a state or local government or instrumentality thereof that is inconsistent with this paragraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis." 47 U.S.C. §332(c)(7)(B)(v).

8. Jurisdiction is based on 28 U.S.C. § 1331 which grants this Court original jurisdiction over all civil actions arising under the laws or Constitution of the United States.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), in that the defendants reside in this district and pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred here.

**ALLEGATIONS COMMON TO ALL COUNTS**

10. The TCA was enacted in July 1996 in order to promote the rapid deployment in the United States of advanced telecommunications systems, including personal wireless services ("PWS"). To that end, the statute provides that local government regulation may not prohibit or have the effect of prohibiting the provision of PWS and imposes other substantive and procedural limits upon the ability of local governments to regulate PWS facilities.

11. Nextel is a provider of enhanced specialized mobile radio services, a type of personal commercial mobile radio services ("CMRS") which are within the definition of PWS set forth at 47 U.S.C. §332(c)(7)(C)(i). Nextel is licensed by the FCC to provide PWS in certain markets, and it has certain obligations under that license to provide such services.

12. Nextel's PWS network is entirely digital and employs time division multiple access ("TDMA") technology. The network requires deployment of sets of antennas and other electronic equipment throughout the area to be covered. Each set of antennas is connected to radio receivers and transmitters which operate in a limited geographic area, known as a "cell."

13. The antennas and related equipment which Nextel needs to deploy in order to provide PWS to its customers are within the definition of "PWS facilities" set forth at 47 U.S.C. §332(c)(7)(C).

14. Nextel's portable telephones operate by transmitting and receiving low power radio frequency signals to and from these cell sites. The signals are transferred to and from ground telephone lines and routed to their destinations by sophisticated electronic equipment which must be located near the antennas themselves.

15. The size of the area served by each cell site is dependent on several factors, including the number of antennas used, the height at which the antennas are deployed, the topography of the land, vegetative cover and natural or man-made obstructions in the area. As customers move throughout the service area, the transmission from the portable unit is automatically transferred to the closest Nextel facility without interruption in service, provided that there is overlapping coverage from the cells.

16. In order for Nextel's PWS network to function properly, there must be some overlapping coverage between adjoining cells to allow for the transfer or "hand-off" of calls from one cell to another and to avoid disconnection or "dropped" calls. Nextel's antennas must be strategically located within the targeted area in order to provide sufficient radio frequency coverage, connectivity with surrounding sites, adequate service and adequate capacity. Nextel's antennas also must be located high enough above ground level to allow transmission (or

"propagation") of the radio frequency signals above trees, buildings and natural or man-made other structures that may obstruct the signals. Areas without adequate radio frequency coverage have substandard or no wireless service.

17. West Warwick is a populated area which includes heavily-traveled roadways such as Interstate 95, Interstate 295, and Rhode Island Routes 2, 33 and 117. Many actual and potential Nextel customers live, work or travel through this area. Nextel's existing coverage is not adequate to serve this busy community. In or about 2005, Nextel determined that it needed to install additional antenna facilities in West Warwick in order to serve these customers and potential customers adequately.

18. The Town has a zoning ordinance (the "Ordinance"), pursuant to which wireless antenna towers are specifically prohibited entirely in all residentially-zoned districts. In addition, Section 5.7.6.1.4 appears to require the approval of the Zoning Board of Review of all wireless antenna towers located anywhere in the Town.

19. With its network engineering requirements and the criteria of the West Warwick Zoning Ordinance in mind, Nextel explored possible locations. Nextel determined that it would need to locate a facility somewhere in the vicinity of Wakefield Street, which is a residentially zoned area. It also determined, for a variety of reasons, that mounting antennas on a structure located on land owned by the Narragansett Electric Company alongside Wakefield Street would be the best option. Among other things, the land is located in an area of significant elevation, which eliminates the need for a very tall structure. In addition, the land already contains an electric transmission line with stanchions as tall as 63 feet, and a water tower is located on adjacent land. Thus, a facility in this location would not create significant additional visual impacts.

20. The area where the Narragansett Electric Company's land is located is in the R-10 residential zoning district. Accordingly, any wireless tower in this area would require a use variance. In addition, it appears that the Ordinance also requires a dimensional variance to allow for the height of any wireless antenna tower.

21. Nextel , acting through an agent, obtained permission from Narragansett Electric Company to replace an existing 63-foot tall stanchion with a 100.5-foot tall tower and to build an equipment shelter at the base of this structure. Then, in or about February, 2006, Nextel submitted an application for a use variance and a dimensional variance, with supporting materials, to the Town's Zoning Board of Review.

22. The Town held public hearings with respect to Nextel's application for variances on March 29, 2006 and April 26, 2006.

23. During the hearing process, Nextel explained the details of its application and presented testimony, including expert testimony, which explained the need for its proposed facilities. Nextel also explained the lack of feasible alternatives. Nextel's evidence included photosimulations which demonstrated that its proposed facilities would have minimal visual impact.

24. In short, both in its application and during the hearing process, Nextel presented substantial evidence to show that its proposed facility met all requirements under federal, state and local law for the requested variances.

25. Several residents of the Town spoke in opposition to the Nextel proposal. Their remarks were brief and vague and did not constitute evidence which could properly be considered by the Board in its deliberations. Nevertheless, in an effort to address their concerns, Nextel redesigned its proposed facility to further minimize the visibility thereof.

26. Despite the minimally intrusive nature of the proposed Nextel facilities, despite the absence of any better or more feasible alternatives, and despite the absence of substantial opposition, the Zoning Board of Review refused to grant Nextel's application for variances.

27. The decision denying Nextel's application was reduced to writing and filed with the Town Clerk on or about May 18, 2006 (the "Decision," a copy of which is annexed hereto as Exhibit A).

28. In its Decision, the Zoning Board of Review failed to offer even one specific rationale for its refusal to allow the Nextel proposal to proceed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(iii)**

29. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 26 of this Complaint as though fully alleged herein.

30. The Town's denial of authorization to Nextel to install antennas on the building was not "in writing and supported by substantial evidence contained in a written record" as required by the TCA, 47 U.S.C. § 332 (c)(7)(B)(iii).

31. Nextel is accordingly entitled to an injunction directing the Town to grant the special use permit and all other permits and approvals necessary for construction of the proposed facilities to proceed.

**AS AND FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF 47 U.S.C. § 332 (c)(7)(B)(i)(II)**

32. Nextel repeats, realleges and incorporates herein by reference the allegations of paragraphs 1 through 29 of this Complaint as though fully alleged herein.

33. Nextel has a significant gap in its network coverage and capacity which it proposed to close by the only feasible option, and which it now will be unable to close.

34. Nextel accordingly is entitled to a declaration that the Town has effectively prohibited Nextel from providing wireless services in Johnston, and an injunction directing the Town to issue the special use permit and all other permits and approvals necessary for its antenna facility construction to proceed.

**WHEREFORE,** Nextel respectfully requests that this Honorable Court issue the following relief on an expedited basis as required by 47 U.S.C. §332(c)(7)(B)(iv):

A. Declare that the denial by the Town was not "set forth in writing and supported by substantial evidence contained in a written record" and, therefore, violates the TCA and is invalid and annulled;

B. Declare that the Decision has the effect of prohibiting Nextel from providing personal wireless services and therefore violates the TCA and, therefore, is invalid and annulled;

C. Issue an injunction ordering the Town and its instrumentalities immediately to issue the special use permit and all other approvals and permits necessary to allow construction of the proposed facilities to begin without further delay; and,

D. Grant such other and further relief as justice and equity may require.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC INC. d/b/a NEXTEL COMMUNICATIONS**

By its attorneys,

**BLISH & CAVANAGH LLP**

Dated: June 15, 2006

By: [signature]

Karen A. Pelczarski, Esquire 3357
30 Exchange Terrace
Providence, Rhode Island 02903-1765
Telephone: (401) 831-8900

- and -

**DEVINE, MILLIMET & BRANCH,**
**PROFESSIONAL ASSOCIATION**

By: [signature]

Steven E. Grill, Esquire
(Motion For Admission *Pro Hac Vice* pending)
111 Amherst Street
Manchester, New Hampshire 03101
Telephone: (603) 669-1000
e-mail: sgrill@devinemillimet.com