UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEXTEL COMMUNICATIONS
OF THE MID-ATLANTIC, INC.
d/b/a NEXTEL COMMUNICATIONS,
Plaintiff

VS. C.A. NO. 06-cv-281-T

THE TOWN OF WEST WARWICK,
RHODE ISLAND, AND THE ZONING
BOARD OF REVIEW OF THE TOWN
OF WEST WARWICK, RHODE ISLAND,
Defendants

DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Now come your Defendants, the Town of West Warwick, et al, by and through its attorney, and objects to the Plaintiff's Motion For Summary Judgment.

In support of its Objection, the Town of West Warwick states as follows:

1. The Telecommunications Act of 1996, 47 U.S.C. ss 332(c)(7)(B)(iii) states "Any decision by any state or local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

2. The Defendant Town states that the decision to deny the relief sought by Nextel was in writing (please see Plaintiff's Exhibit H).

3. In addition, the Town's decision to deny the Petition was based upon substantial evidence that is found in the written record known as the Minutes of the Zoning Board Meeting for March 29, 2006 (please see Plaintiff's Exhibit C) and the Zoning Board Meeting of April 26, 2006 (please see Plaintiff's Exhibit D).

As such, the Town of West Warwick did comply with the intent of the language of the Telecommunications Act. Furthermore, in support of its objection, the Town relies on the

Memorandum of Law that is attached to this Objection To Plaintiff's Motion For Summary Judgment.

Respectfully submitted,

Town of West Warwick, Rhode Island
and the Zoning Board of Review
of the Town of West Warwick, Rhode Island

By and through its attorneys:
INMAN TOURGEE & WILLIAMSON

TIMOTHY A. WILLIAMSON, ESQ., #4173
1193 Tiogue Avenue
Coventry, RI 02816
(401) 823-9200

CERTIFICATE OF SERVICE

On this 18 day of April, 2007 a copy of the foregoing Objection To Motion For Summary Judgment was forwarded to Steven E. Grill, Esq., 111 Amherst Street, Manchester, New Hampshire, 03101 and to Karen A. Pelczarski, Esq., 30 Exchange Terrace, Providence, Rhode Island 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NEXTEL COMMUNICATIONS
OF THE MID-ATLANTIC, INC.
d/b/a NEXTEL COMMUNICATIONS,
Plaintiff

VS. C.A. NO. 06-cv-281-T

THE TOWN OF WEST WARWICK,
RHODE ISLAND, AND THE ZONING
BOARD OF REVIEW OF THE TOWN
OF WEST WARWICK, RHODE ISLAND,
Defendants

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendants, the Town of West Warwick, et al, respectfully submits the following Memorandum of Law in support of its Objection to the Plaintiff's Motion For Summary Judgment.

## I. Introduction

The Zoning Board in West Warwick, Rhode Island is comprised of local citizens that volunteer their time to act on behalf of the townspeople of West Warwick. The Board is appointed by the West Warwick Town Council, and its members do not receive any type of compensation. The service on the Zoning Board is considered part-time.

The Zoning Board of Review heard evidence in its meetings of March 29, 2006 and April 26, 2006 that was provided by the Plaintiff, Nextel. That evidence provided the Board with information that did not allow for a second on a motion made by one of its members for approval of the Plaintiff's petition. The Plaintiff Nextel's opinion as it relates to the residents' statements, who spoke in opposition is neither fact, nor law. That the Plaintiff believes that the opposition did not amount to "substantial evidence" is a conclusion of law that they are not in a position to

judge. The trier of fact needs to determine whether the residents' opposition is substantial evidence for the Zoning Board to utilize in its decision not to second the motion made for approval.

In addition, the written record of the two Zoning Board meetings clearly mentions an alternative site, that is across the street from Nextel's primary site, that being the core issue of this law suit.

In Paragraph 5 of the Plaintiff's Motion For Summary Judgment, Page 2, the Plaintiff states, "*In short, despite the minimally intrusive nature of the proposed Nextel facilities, despite the absence of any better or more feasible alternatives, and despite the absence of substantial opposition, the Zoning Board refused to grant Nextel's application for variances. The decision denying Nextel's application was reduced to writing and filed with the Town Clerk on or about May 18, 2006.*"

Black's Law Dictionary defines "feasible" as follows, "*capable of being done, executed, affected, or accomplished. Reasonable assurance of success. See, possible.*"

## II. Argument

The Zoning Board of review heard testimony from Plaintiff's witnesses, including the Plaintiff's expert, Phil Leite, about a "gap in coverage" that Nextel presently has in that portion of West Warwick, Rhode Island. The Board heard that the least intrusive means of correcting Nextel's gap in coverage was to erect the stanchion on the north side of Wakefield Street, West Warwick, Rhode Island, adjacent to a neighborhood.

The Zoning Board heard testimony that this location would provide Nextel with the least intrusive means of providing reasonable, reliable wireless coverage in this section of West Warwick.

However, the Plaintiff has failed to state in its statement of facts that an alternative site was not only proposed by the Zoning Board specifically, member Carl Coutu, but was suggested by the Zoning Board as a means to an end for Nextel's project.

The alternative site is on the south side of Wakefield Street, in the same type of existing

power line that is across the street on Nextel's primary site. The primary site and secondary site are only a couple hundred yards apart in distance.

In response to Zoning Board Member Coutu's remarks about the southern site versus the northern site, the Zoning Board heard Plaintiff's expert, Mr. Leite, state, "*As long as the mark doesn't exceed a certain distance, no, that would actually be a little bit better for us, I think.*" (please see Plaintiff's Exhibit C, Page 13, lines 8 through 10). Here is substantial evidence that the Zoning Board heard about the southern site proposal from Plaintiff's own expert.

Take into consideration the reading of Philip Leite's affidavit dated January 4, 2006 in conjuncture with hearing his statements on March 29, 2006. The trier of fact can determine that there are facts in dispute as it relates to the Zoning Board's denial of the petition based upon the substantial evidence heard in the testimony of Plaintiff's expert.

The affidavit which is Plaintiff's Exhibit No. 5 states as follows, "*5. In my professional opinion, without a wireless transmission facility located* ***at or very near the site****, this area of West Warwick, Rhode Island does not have adequate coverage and Nextel will not meet the capacity needs of its customers.*"

Clearly, the dialogue between the members of the Zoning Board and Nextel's representatives presents facts that are in dispute as it relates to the location of the proposed wireless facility. This dialogue and question and answer period also presented Nextel with very specific rationales for the denial, which would equate to substantial evidence.

The Zoning Board was comfortable with the southern site and not the northern site. Those rationales are found in the Minutes of the Zoning Board Meetings for both March 29, 2006 and April 26, 2006, which said exhibits have already been provided to this Court by the Plaintiff.

## III. Conclusion

The written denial of Nextel's position for relief was procedural in nature. A motion was made, but the motion was not seconded by any member of the Zoning Board. As the Zoning Board utilizes *Robert's Rules of Order*, once the motion was made and then not seconded, then the motion died. As such, the relief sought by the Plaintiff, Nextel, was also denied. At this point in time, the relief sought has only been denied on a procedural basis. However, there is

"written record" described in the Telecommunications Act of 1996 which states that the substantial evidence shall be contained in a written record.

The Town of West Warwick will submit that the written record as described by the Telecommunications Act is the two sets of meeting minutes that Nextel has had access to, subsequent to the individual meetings and has presented to this Court by way of exhibit.

The denial should be allowed to stand due to the fact that the written denial was based upon the actions that took place on April 26, 2006 and before that on March 29, 2006. Evidence was heard by the Board and, based upon this evidence, a motion was made and there was no second. As such the petition was denied.

In order to determine the mindset of the members of the Zoning Board, that were present for both presentations by Nextel, evidentiary testimony would be required to allow the trier of fact to determine whether substantial evidence was heard by the members and the substantial evidence was the basis for not seconding the motion. As such, the Town avers that this Court deny the Plaintiff's Motion For Summary Judgment requests that this Honorable Court remand this action back to the Zoning Board of Review for clarification as it relates to supplying the written substantial evidence that is found in the Zoning Board of Review's Meeting Minutes to the actual written decision.

Respectfully submitted,

Town of West Warwick, Rhode Island
and the Zoning Board of Review
of the Town of West Warwick, Rhode Island

By and through its attorneys:
INMAN TOURGEE & WILLIAMSON

TIMOTHY A. WILLIAMSON, ESQ., #4173
1193 Tiogue Avenue
Coventry, RI 02816
(401) 823-9200

CERTIFICATE OF SERVICE

On this 18th day of April, 2007 a copy of the foregoing Memorandum was forwarded to Steven E. Grill, Esq., 111 Amherst Street, Manchester, New Hampshire, 03101 and to Karen A. Pelczarski, Esq., 30 Exchange Terrace, Providence, Rhode Island 02903.