UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. 06-cv-281-T |
| THE TOWN OF WEST WARWICK, RHODE ISLAND, AND THE ZONING BOARD OF REVIEW OF THE TOWN OF WEST WARWICK, RHODE ISLAND | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, Nextel Communications of the Mid-Atlantic, Inc. d/b/a Nextel Communications ("Nextel"), by and through its attorneys Blish & Cavanaugh, LLP, and Devine Millimet & Branch, PA, and replies to the Defendants' Objection to Plaintiff's Motion for Summary Judgment as follows:

1. The law is clear in the First Circuit that in cases involving the siting of wireless facilities, "courts will not uphold a board's denial of a permit on grounds that it did not present in its written decision." National Tower, LLC v. Plainville Zoning Board of Appeals, 297 F.3d 14, 22 (1st Cir. 2002). In this context, "written decision" means a separate document; comments of board members or other town officials that might be contained in board minutes or elsewhere in the record do not constitute "grounds presented in [the] written decision." As the First Circuit has explained:

> Even where the record reflects unmistakably the Board's reasons for denying a permit allowing the written record to serve as the writing would contradict the language of the act.

Southwestern Bell Mobile Systems, Inc. v. Todd, 244 F.3d 51, 60 (1st Cir. 2001).

2. These rules have been established for many years at this point, and municipalities have no excuse for disregarding them. Despite this fact, the Town issued a simple one-line decision in this case, stating only that Nextel's application for a permit "fails for lack of a second to the motion to approve."

3. The Town now argues, in effect, that this Court should ignore the well-settled rules which govern this case and should instead look to the written record to discern the "true" reason why Nextel's application was denied. *See* Defendants' Memorandum of Law in Support of Objection to Plaintiff's Motion for Summary Judgment ("Defendants' Memo") at pp. 2,3. In this regard, the Town argues that another site was available to Nextel and that this alternative site was preferred by the Town to the one selected by Nextel. Id. The "available alternative" rationale, however, is not contained in any separate written decision. *See* National Tower and Todd, *supra.* In the absence of such a separate writing articulating this basis for denial, it is not properly before the court. Id.

4. The Town may well have been guilty of a "procedural" error, as it appears to concede. *See* Defendants' Memo at pp. 3,4. Whatever the reason for its failure to set forth the reasons for denying Nextel permission to build the proposed wireless facility, however, the failure is fatal. National Tower, *supra.*

5. Nextel respectfully submits it is entitled to summary judgment on the "substantial evidence" count in its Complaint.

WHEREFORE, Nextel respectfully requests that an Order be entered granting it summary judgment and directing the Town to issue the requested permits forthwith together with such other and further relief as may be just and proper.

Respectfully submitted,

**NEXTEL COMMUNICATIONS OF THE MID-ATLANTIC, INC. d/b/a NEXTEL COMMUNICATIONS**

By its Attorneys,
**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

Dated: April 30, 2007

By: /s/ Steven E. Grill
Steven E. Grill, Esquire (admitted *pro hac vice*)
111 Amherst Street
Manchester, NH 03101
Telephone: (603) 669-1000
sgrill@devinemillimet.com

**BLISH & CAVANAGH, LLP**

By: /s/ Karen A. Pelczarski
Karen A. Pelczarski, Esquire (#3357)
30 Exchange Terrace
Providence, Rhode Island 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
kap@blishcavlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2007, a copy of the foregoing Plaintiff's Reply to Defendants' Objection to Plaintiff's Motion for Summary Judgment was forwarded by first class mail, postage prepaid, to Timothy A. Williamson, Esq., Inman, Tourgee & Williamson, 1193 Tiogue Avenue, Coventry, RI 02816.

/s/ Karen A. Pelczarski
Karen A. Pelczarski, Esquire (#3357)

J:\wdox\docs\clients\10339\77947\M0977628.DOC